TAMARA L. LOUGHREY, Bar No. 227001
Loughrey & Associates
21 - C Orinda Way, #307
Orinda, CA 94563
925.253.1693 Phone
925.253.9693 Fax

Attorney for Plaintiffs

# THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF CALIFORNIA

W.A., a minor, by and through his parents and guardians ad litem, S.A. and J.A., and S.A. and J.A., individually.

    Plaintiffs,

v.

PATTERSON JOINT UNIFIED SCHOOL DISTRICT, DAVE HODGE and CARLI BRIONES.

    Defendants.

Case No. 1:10-cv-01317-LJO-SMS

**MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE OF ALL CLAIMS ON BEHALF OF A MINOR AND ORDER** [L.R. 17-202(b)(2)]

**Date:**
**Time:**
**Courtroom:**
**Judge: Lawrence O'Neill**

## I. INTRODUCTION

Plaintiff, W.A. a minor by and through his parents S.A. and J.A., hereby moves this court to approve the proposed settlement and release of all claims pursuant to L.R. 17-202(b)(2).

## II. BACKGROUND

1    W.A. is a 14 year-old boy diagnosed as having Pervasive Developmental Disorder Not Otherwise Specified (PDD-NOS) and is the son of S.A. and J.A.  S.A. and J.A., brought this action on behalf of W.A. and themselves.  The complaint comprised of four separate causes of action.  The first cause of action was an appeal pursuant to the Individuals with Disabilities Education Act (IDEA) of some parts of a decision issued by the Office of Administrative Hearings (OAH) regarding allegations that Patterson Joint Unified School District's (District) denied W.A. a Free and Appropriate Public Education (FAPE). The second and third causes of action alleged that the District violated the rights of W.A., S.A. and J.A. under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by unlawfully discriminating against W.A. on the basis of his disability.  The fourth cause of action alleged that defendants Hodge and Briones violated W.A.'s rights under 42 U.S.C. § 1983 by unlawfully physically restraining him.

Broadly, the causes of action arose out of the District's failure to provide W.A. with a proper classroom placement and the necessary supports and services for him to make educational progress during the 2007-2008, 2008-2009 and 2009-2010 school years.  These failures were compounded by the District's repeated use of unlawful restraints, a process that caused him physical injury and led to an increase in his behavioral problems at school.  The educational issues were the subject of a hearing before OAH.  W.A. prevailed on several of the issues raised in that forum and was awarded compensatory education that included 25 hours of individualized academic tutoring, 30 speech and language sessions and 20 individual occupational therapy sessions. OAH also ordered the District to perform a speech and language assessment and occupational therapy assessment and to make changes to its policies to comply with the law.

W.A. appealed to this Court for a review of the issues on which OAH found that the District prevailed, along with the ADA, Section 504 and Section 1983 claims as referenced above.  Defendants filed two motions to dismiss the causes of action in the complaint.  On October 14, 2010, Defendants filed a motion to dismiss the ADA, Section 504 and Section 1983 causes of action for an alleged failure to exhaust administrative remedies.  On November 16, 2010, the Court granted Defendant's motion as to the ADA and Section 504 claims, and denied it as to the Section 1983 claims. Plaintiffs and Defendants also filed cross motions for summary

judgment on the IDEA appeal.  Defendants also filed a motion for summary judgment on the Section 1983 claim.  On July 18, 2011, the Court granted both of Defendants motions, thereby dismissing all claims.  The parties entered into a stipulation agreeing to this court's continued jurisdiction during settlement negotiations which this court approved and continued jurisdiction for 90 days.

On August 23, 2011, the parties entered into a settlement agreement wherein Defendants agreed to pay Plaintiffs the sum of $6,000 for W.A.'s past and future education or therapeutic expenses.  In exchange, Plaintiffs agreed to waive all claims for damages resulting from the subject matter set forth in this case and agreed to waive the right to appeal. The parties agreed on this amount of compensation after several rounds of offers and counter-offers.  A true and correct copy of the settlement agreement is attached as Exhibit A, redacted for minor's and parent names only.

In Plaintiffs' view, the settlement amount is fair and reasonable in light of the difficult posture of the case.  As all causes of action had been dismissed, Plaintiffs would have been required to appeal to the 9th Circuit Court of Appeals seeking a reversal of the dismissal of at least one of the causes of action, then prevail on the claim(s) upon remand to this Court in order to have a chance of receiving an award that was higher than the amount received via the settlement agreement.  Given the difficult path ahead, combined with the emotional toll and costs of further litigation, Plaintiffs believed settlement at this time was in their best interest. Plaintiffs' are satisfied that the relief ordered by OAH, along with the money to be provided from Defendants' for W.A.'s educational expenses constitutes a fair outcome to the litigation. Moreover, as W.A. continues to reside within the boundaries of the District, Plaintiffs' are hopeful that ending the litigation will allow the parties to set aside past difficulties and collaborate in the interests of W.A.'s future education.

As part of the OAH case, Plaintiffs' submitted an expert report compiled by Shannon Heidemann, a behavior specialist.  A true and correct copy of Ms. Heidemann's report is attached as Exhibit B, redacted for the minor's name.

### ATTORNEY REPRESENTATION OF MINOR

Plaintiffs are represented by Tamara Loughrey of Loughrey & Associates.  Ms. Loughrey

did not become involved at the insistence of Defendants, either directly or indirectly. Ms. Loughrey does not stand in any relationship to Defendants. Plaintiffs signed several contracts with Loughrey & Associates for various legal services, which included representation at the OAH hearing and an addendum for the representation in this federal court case.  Pursuant to this addendum agreement, Plaintiffs were represented by Loughrey & Associates on a contingency/fee reimbursement basis. Attorneys would only receive reimbursement for fees and costs in this federal court case if a settlement agreement was reached or if prevailing party status was achieved through a favorable outcome in the case.  Plaintiffs did not pay anything to Loughrey & Associates for the representation in this case.  Loughrey & Associates are not seeking any fee or cost recovery as part of the settlement or from Plaintiffs directly for the representation in this case.  Thus, the representation for this federal action is concluding as pro bono[1].

### III. CONCLUSION

For the reasons stated above, Plaintiffs hereby move the court to approve the proposed settlement and release of all claims.

Dated: September 6, 2011

                                                  Respectfully submitted,

                                                  LOUGHREY & ASSOCIATES

                                                  <u>/s/Tamara Loughrey</u>
                                                  Tamara Loughrey
                                                  Attorney for Plaintiffs

---

[1] As prevailing party on the issues noted above at the OAH hearing, Plaintiffs' counsel was awarded $65, 803.50 in attorney's fees from the District Court in case no. 1:10-cv-00943-OWW-SKO for the OAH portion of the case only.

## ORDER

Good cause appearing, the settlement of the minor, W.A.'s claims, as proposed in the SAR -Exhibit A, is approved.  This concludes the matter and the case is closed.  Motion hearing currently set for October 3, 2011 is VACATED.

Dated: September 28, 2011 　　　　　　　　　/s/ Lawrence J. O'Neill_____
　　　　　　　　　　　　　　　　　　　　　　Hon. Lawrence O'Neill
　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge for the Eastern
　　　　　　　　　　　　　　　　　　　　　　District of California